# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CARL F. TUSCANO, SR.,**

**Plaintiff,**

**-vs-**            **Case No.  6:07-cv-1342-Orl-31DAB**

**DONALD NEWHOUSE, THE EVENING
JOURNAL ASSOCIATION & SAMUEL
NEWHOUSE,**

**Defendant.**

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 15)** |
| **FILED:** | **February 14, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the case be dismissed or, alternatively, transferred.

Plaintiff, appearing pro se, moves for entry of a judgment against Defendant Donald Newhouse, following entry of a clerk's default (Doc. No. 14).  As best the Court can tell, Plaintiff alleges that he was the prevailing party in an arbitration with "the Defendant"[1] and the Defendant has

---

[1] The exact identity of the Defendant or Defendants is unclear.  Plaintiff speaks of "the Defendant" [singular, and an apparent reference to Donald Newhouse] but the case style appears to refer to at least two Defendants [Donald Newhouse and The Evening Journal Association], and possibly three [Samuel Newhouse, Registered Agent].  Regardless, there is no showing that the Court has jurisdiction over any of these persons or entities.

not adhered to the terms set down by the arbitrator, and apparently reduced to judgment in a January 4, 1980 Final Judgment and Order of the Superior Court of New Jersey (Doc. No. 1 at 10).  As it appears that the Court has neither personal jurisdiction over any Defendant nor subject matter jurisdiction over this dispute, it is **respectfully recommended** that the clerk's default be **VACATED** and the matter be **DISMISSED.**

### Jurisdiction over Defendant

It is axiomatic that the Court can only enter judgment against a party properly before the Court and, assuming that the Court has jurisdiction over the parties and the action (an issue the Court addresses below), that is accomplished through appropriate service of process or waiver of same. Pursuant to Fed. R. Civ. P. 4(e), Plaintiff can effect service in any judicial district of the United States by adhering to either 1) the law of the state in which the district court is located, or in which service is effected, or 2) by delivering a copy of the summons and complaint to the individual personally or by leaving copies at the individual's dwelling house with some person of suitable age or discretion residing therein or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.[2]

Here, it appears that Plaintiff has attempted to serve "Donald Newhouse c/o Samuel Newhouse Registered Agent" by delivering the summons and complaint to Fran Donovan, Office Manager at "place of business" in New Jersey (Doc. No. 12).  This is improper service under Florida, federal and New Jersey law.

As it appears that Plaintiff was attempting to serve an individual, with minor differences, Florida, New Jersey and the federal rule provide essentially the same procedure – personal service

---

[2]*See also* Rule 4(h), with respect to service on a corporate defendant.

on the individual or delivery to an appropriate person at Defendant's usual place of abode.  *See* Fla.

Stat. § 48.031; 1B N.J. Prac. Court Rules Annotated R. 4:4-4 (5th Ed.).  As noted by the summons,

here service was had on Fran Donovan, not Donald Newhouse, and service was made at a place of

business, not Newhouse's abode.  Thus, the attempted service fails as a matter of law.  Absent

adequate service on Donald Newhouse, Defendant is not properly before this Court.  *See Earle v.

McVeigh*  91 U.S. (1 Otto) 503, 504, 23 L.Ed.398 (1875) ("Due notice to the defendant is essential

to the jurisdiction of all courts, as sufficiently appears from the well-known legal maxim, that no one

shall be condemned in his person or property without notice, and an opportunity to be heard in his

defence."); *see also Tedder v. National Con-Serv, Inc*., 2000 WL 1135117, *1 (S.D. Ala. 2000) ("If

a defendant is not properly served, any subsequent judicial proceedings with regard to that defendant

are invalid unless the defendant waives challenge to personal jurisdiction.").

The Court notes that even if service was perfected on Newhouse, it is doubtful that he is within

this Court's jurisdiction with respect to this dispute.  An analysis of whether personal jurisdiction

exists requires a two-step inquiry:

> First, we determine whether the exercise of jurisdiction is appropriate under the forum
> state's long-arm statute. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th
> Cir.1996). Second, we examine whether the exercise of personal jurisdiction over the
> defendant would violate the Due Process Clause of the Fourteenth Amendment to the
> United States Constitution, which requires that the defendant have minimum contacts
> with the forum state and that the exercise of jurisdiction over the defendant does not
> offend "traditional notions of fair play and substantial justice." *Id*. (*quoting Int'l Shoe
> Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

*Mutual Service Ins. Co. v. Frit Industries, Inc*., 358 F.3d 1312, 1319 (11th Cir. 2004).  Here, the

Complaint does not allege the basis for asserting jurisdiction over what appears to be a New Jersey

resident, and the cause of action, to the extent the Court can decipher it, appears to have no nexus with

the state of Florida sufficient to satisfy the long-arm statute.  *See* Fla. Stat. § 48.193.  Where personal

jurisdiction over a defendant is not plead nor evident, entry of a default is inappropriate. The Clerk's default must be **VACATED**, and it is so recommended.

### *Jurisdiction over the Case*

Although lack of personal jurisdiction is a waivable defect,[3] *Palmer v. Braun,* 376 F.3d 1254, 1259 (11th Cir. 2004), lack of subject matter jurisdiction is not. *Love v. Turlington*, 733 F.2d 1562 (11th Cir. 1984). Federal courts are courts of limited jurisdiction. *Burns v. Windsor Ins., Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). A plaintiff invoking a federal court's jurisdiction must establish this jurisdiction in the complaint. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (not only must the jurisdictional provision be stated in the complaint, but facts "demonstrating the existence of jurisdiction" must be stated); *see also* Fed.R.Civ.P. 8(a)(1) (a complaint shall contain "a short and plain statement of the grounds upon which the court's jurisdiction depends ..." ); and *Barnett v. Bailey*, 956 F.2d 1036, 1039-41 (11th Cir.1992) (holding that a federal court may inquire into its jurisdiction at anytime and may dismiss an action *sua sponte* for lack of subject matter jurisdiction). Here, Plaintiff has not pled any facts sufficient to establish this Court's jurisdiction.

As a practical matter, even if the Court were to presume that Plaintiff is proceeding under diversity jurisdiction (a conclusion not obvious from the papers, but more likely than federal question jurisdiction), such a suit would not be tenable. The papers filed by Plaintiff suggest that he seeks enforcement of an arbitration award already reduced to judgment by a New Jersey state court. It seems that Plaintiff objects to the state court judgment and order, to the extent it did not include relief he asserts was granted to him in an arbitration award (which is not filed here). As a matter of law, this Court cannot sustain such a cause of action.

---

[3]Here, no such waiver has occurred.

Assuming Plaintiff is seeking enforcement of the 1980 judgment, Title 28 U.S.C. § 1738 imposes on federal courts the same full faith and credit obligations imposed on state courts under the Constitution of the United States, Article IV, § 1.  This would normally provide for such enforcement *if* the judgment had not expired under state law, and was properly authenticated here, and the Court had diversity jurisdiction *and* personal jurisdiction over the parties.  It does not appear to the Court, however, that Plaintiff seeks enforcement of the judgment.  Rather, he appears to seek modification of the judgment, to reflect terms he believes were included in the arbitration award, but excluded in the state court's order and judgment.  Plaintiff has stated no legal basis sufficient to empower this Court to modify a 28 year old judgment of the New Jersey Court.

"It is well settled law in the federal courts that a judgment of a court having jurisdiction of the parties and of the subject matter is conclusive of the matter it decides and cannot be collaterally attacked for error in procedure or as to the merits." *Bass v. Hoagland,* 172 F.2d 205, 208 (5th Cir. 1949).  The United States Supreme Court has observed:

> 'The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question of fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified."

*Southern Pacific R.R. Co. v. United States*, 168 U.S. 1, 48, 18 S.Ct. 18, 42 L.Ed. 355 (1897).

Thus, even if service was properly perfected, and the Court had personal jurisdiction over Defendant, and Plaintiff was proceeding on diversity grounds, entry of judgment, default or otherwise, in Plaintiff's favor would *still* be inappropriate on this record, as Plaintiff's complaint does not state a cognizable claim as a matter of law.

Finally, as Plaintiff resides in Pasco County and no connection with the Orlando Division of this Court is pled or apparent, venue is inappropriate in this division and, to the extent any action can be maintained, it should be transferred to the Tampa Division of the Court *See* Local Rule 1.02.

It is therefore **respectfully recommended** that the motion be **denied** and the case be **dismissed.** As the Complaint is not a model of clarity, it is possible that the Court has misinterpreted the relief Plaintiff seeks, and an actionable claim exists. For that reason, it is **respectfully recommended** that the dismissal be without prejudice to allow Plaintiff another opportunity to plead, if he can, a cognizable claim within the Court's jurisdiction. It is alternatively **recommended** that the matter be transferred to the Tampa Division of the Court.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 27, 2008.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy