# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CARL F. TUSCANO, SR.,**

        **Plaintiff,**

-vs-                                                                    Case No.  6:07-cv-1342-Orl-31DAB

**DONALD NEWHOUSE, THE EVENING JOURNAL ASSOCIATION & SAMUEL NEWHOUSE,**

        **Defendant.**
_____/

# ORDER

This matter comes before the Court on the Report and Recommendation (Doc. 16) of the Magistrate Judge regarding the Motion for Default Judgment (Doc. 15) filed by the Plaintiff, Carl F. Tuscano, Sr. ("Tuscano").  The Clerk entered a default (Doc. 14) against the Defendants on February 13, 2008.  (Doc. 14).  The Magistrate Judge recommends denying the motion and dismissing the case for lack of subject matter jurisdiction over the dispute and personal jurisdiction over the Defendants.  In the alternative to dismissal, the Magistrate Judge recommends transferring the case to the Tampa Division of the United States District Court for the Middle District of Florida, as Tuscano is a resident of Pasco County.  Tuscano, who is proceeding *pro se*, has objected to the Report and Recommendation.  (Doc. 19).  In his objection, Tuscano admits that he resides in Pasco County.

**Subject Matter Jurisdiction**

Tuscano contends that in 1980 a New Jersey arbitrator determined that he was entitled to approximately $200,000 from the Defendants. (Doc. 1 at 2). However, the New Jersey court entered judgment in his favor for less than $30,000. (Doc. 1 at 11). Tuscano alleges that the Defendants somehow changed the arbitrator's findings before the Court entered its judgment and are obligated to pay him the difference between those two sums. According to Tuscano, this Court possesses subject matter jurisdiction over the dispute in two ways: federal question jurisdiction under the Federal Arbitration Act, and diversity jurisdiction in that the dispute involves citizens of different states – Tuscano resides in Florida, while the Defendants are residents of New Jersey – and the amount in controversy exceeds $75,000. However, Tuscano has not alleged a "failure, neglect, or refusal" to arbitrate, 9 U.S.C. § 4, and therefore it appears that the Federal Arbitration Act is not applicable. As for diversity jurisdiction, the underlying dispute has already been resolved by a court of (apparently) competent jurisdiction. As the Magistrate Judge points out, 28 U.S.C. § 1738 requires this Court to grant full faith and credit to state court judgments, such as the one entered by the New Jersey court here. This Court has the power to enforce such a judgment, but not to simply modify it, even if it the underlying dispute involves residents of different states and more than $75,000 in controversy. *See*, *e.g.*, *Boss v. Hoagland*, 172 F.2d 205, 208 (5th Cir. 1949) ("It is well settled law in the federal courts that a judgment of a court having jurisdiction of the parties and of the subject matter is conclusive of the matter it decides and cannot be collaterally attacked for error in procedure or as to the merits."). Whether one describes the issue as an absence of jurisdiction or a lack of statutory authority, it is clear that this Court cannot grant the relief sought by Tuscano, no matter how meritorious his claim might be.

**Conclusion**

Because the Court lacks the authority to resolve this dispute, it will not reach the Magistrate Judge's (apparently well-founded) conclusions that the Court also lacks personal jurisdiction over the Defendants and that the Tampa Division rather than the Orlando Division would have been the proper venue for this suit.  In consideration of the foregoing, it is hereby

**ORDERED** that the Report and Recommendation (Doc. 16) of the Magistrate Judge is **ADOPTED IN PART**.  The Clerk's default (Doc. 14) is **VACATED** and the Motion for Default Judgment (Doc. 15) filed by the Plaintiff, Carl F. Tuscano, Sr., is **DENIED WITHOUT PREJUDICE**.  This case is hereby **DISMISSED WITHOUT PREJUDICE**, and the Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 12, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party